593 So.2d 500 (1992)
Thomas McCAIN, Petitioner,
v.
FLORIDA POWER CORPORATION, Respondent.
No. 75637.
Supreme Court of Florida.
January 23, 1992.
Rehearing Denied March 4, 1992.
*501 Robert A. Herce of Herce & Herce, and J. Thomas Wright, Tampa, for petitioner.
Kenneth C. Deacon, Jr. and Marian B. Rush of Harris, Barrett, Mann & Dew, St. Petersburg, for respondent.
KOGAN, Justice.
We have for review Florida Power Corp. v. McCain, 555 So.2d 1269 (Fla. 2d DCA 1989), based on express and direct conflict with Kaisner v. Kolb, 543 So.2d 732 (Fla. 1989), and Gulf Heating & Refrigeration Co. v. Iowa Mutual Insurance Co., 193 So.2d 4 (Fla. 1966). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
Thomas McCain was injured when the blade of a mechanical trencher he was operating struck an underground Florida Power Corporation electrical cable. An employee of Florida Power had come out earlier and marked those areas where it would be safe to use the trencher. Although the evidence at trial was conflicting, there was some evidence indicating that McCain was in an area marked "safe" when he struck the cable. Later, a jury awarded McCain a verdict of $175,000, including a thirty-percent reduction for McCain's own comparative negligence.
On appeal, the Second District reversed and remanded for entry of a directed verdict for Florida Power, concluding that the injury was not foreseeable. The *502 method of analysis used to reach this conclusion is somewhat unclear. The district court first cited a number of cases suggesting that foreseeability itself gives rise to the duty of care in a negligence action. McCain, 555 So.2d at 1270-71. Since duty is a question of law, an appellate court obviously could reverse based on its purely legal conclusion that no such duty existed.
Then, the district court acknowledged the seemingly contradictory holding of some Florida courts "that the question of foreseeability is for the trier of fact." Id. at 1271 (citing Crislip v. Holland, 401 So.2d 1115 (Fla. 4th DCA), review denied, 411 So.2d 380 (Fla. 1981)) (emphasis added). Without expressly disagreeing with this precedent, the district court went on to suggest that no duty existed in the present case as a matter of law because the specific injury suffered by McCain was not foreseeable. See id.
Finally, the court expressly stated that its opinion was based solely on the evidence adduced up to the time of Florida Power's motion for directed verdict, which occurred at the end of McCain's case-in-chief. The district court concluded that the denial of this motion was error and that everything occurring afterward was a nullity. Id. at 1270.
Initially, we note that the district court erred on this last matter. The law in Florida is clear that, once the motion for directed verdict is overruled and additional evidence is produced, any later review of the matter by the trial or appellate courts must take into account all the facts adduced both before and after the initial motion. Gulf Heating & Refrigeration Co. v. Iowa Mut. Ins. Co., 193 So.2d 4 (Fla. 1966).
On the merits, we find that the district court erred in ordering a directed verdict. In the present case, Florida Power clearly was under a duty to take reasonable actions to prevent the general type of injury that occurred here. Moreover, there is sufficient evidence in the record to justify a reasonable person in believing that Florida Power breached this duty and that the breach proximately (i.e., foreseeably and substantially) contributed to the specific injury McCain suffered. Thus, the question of negligence could not be removed from the jury.
The confusion evident in the district court's opinion apparently arose from the fact that the question of foreseeability can be relevant both to the element of duty (the existence of which is a question of law) and the element of proximate causation (the existence of which is a question of fact). The temptation therefore is to merge the two elements into a single hybrid "foreseeability" analysis, or to otherwise blur the distinctions between them. A review of both precedent and public policy convinces us that such blurring would be incorrect, even though it often will yield the correct result. The present cause happens to be one of a minority of cases in which an imprecise foreseeability analysis would lead to the wrong result.
Contrary to the tacit assumption made by the district court, foreseeability relates to duty and proximate causation in different ways and to different ends. The duty element of negligence focuses on whether the defendant's conduct foreseeably created a broader "zone of risk" that poses a general threat of harm to others. See Kaisner, 543 So.2d at 735 (citing Stevens v. Jefferson, 436 So.2d 33, 35 (Fla. 1983)). The proximate causation element, on the other hand, is concerned with whether and to what extent the defendant's conduct foreseeably and substantially caused the specific injury that actually occurred. In other words, the former is a minimal threshold legal[1] requirement for opening the courthouse doors, whereas the latter is part of the much more specific factual requirement that must be proved to win the case once the courthouse doors are open. As is obvious, a defendant might be under a legal duty of care to a specific plaintiff, *503 but still not be liable for negligence because proximate causation cannot be proven.
It might seem theoretically more appealing to confine all questions of foreseeability within either the element of duty or the element of proximate causation. However, precedent, public policy, and common sense dictate that this is not possible. Foreseeability clearly is crucial in defining the scope of the general duty placed on every person to avoid negligent acts or omissions. Florida, like other jurisdictions, recognizes that a legal duty will arise whenever a human endeavor creates a generalized and foreseeable risk of harming others.[2] As we have stated:
Where a defendant's conduct creates a foreseeable zone of risk, the law generally will recognize a duty placed upon defendant either to lessen the risk or see that sufficient precautions are taken to protect others from the harm that the risk poses.
Kaisner, 543 So.2d at 735 (citing Stevens v. Jefferson, 436 So.2d 33, 35 (Fla. 1983)) (emphasis added); see Webb v. Glades Elec. Coop., Inc., 521 So.2d 258 (Fla. 2d DCA 1988). Thus, as the risk grows greater, so does the duty, because the risk to be perceived defines the duty that must be undertaken. J.G. Christopher Co. v. Russell, 63 Fla. 191, 58 So. 45 (1912).
The statute books and case law, in other words, are not required to catalog and expressly proscribe every conceivable risk in order for it to give rise to a duty of care. Rather, each defendant who creates a risk is required to exercise prudent foresight whenever others may be injured as a result. This requirement of reasonable, general foresight is the core of the duty element. For these same reasons, duty exists as a matter of law and is not a factual question for the jury to decide: Duty is the standard of conduct given to the jury for gauging the defendant's factual conduct. As a corollary, the trial and appellate courts cannot find a lack of duty if a foreseeable zone of risk more likely than not was created by the defendant.
On the question of proximate causation, the legal concept of foreseeability also is crucial, but in a different way. In this context, foreseeability is concerned with the specific, narrow factual details of the case, not with the broader zone of risk the defendant created.
In the past, we have said that harm is "proximate" in a legal sense if prudent human foresight would lead one to expect that similar harm is likely to be substantially caused by the specific act or omission in question. In other words, human experience teaches that the same harm can be expected to recur if the same act or omission is repeated in a similar context.[3]Cone v. Inter County Tel. & Tel. Co., 40 So.2d 148, 149 (Fla. 1949). However, as the Restatement (Second) of Torts has noted, it is immaterial that the defendant could not foresee the precise manner in which the injury occurred or its exact extent. Restatement (Second) of Torts § 435 (1965). In such instances, the true extent of the liability would remain questions for the jury to decide.
On the other hand, an injury caused by a freakish and improbable chain of events would not be "proximate" precisely because it is unquestionably unforeseeable, even where the injury may have arisen from a zone of risk. The law does not impose liability for freak injuries that were utterly unpredictable in light of common human experience. Thus, as the Restatement (Second) of Torts has noted, a trial court has discretion to remove the issue *504 from the jury if, "after the event and looking back from the harm to the actor's negligent conduct, it appears to the court highly extraordinary that [the conduct] should have brought about the harm." Restatement (Second) of Torts § 435(2) (1965).
Unlike in the "duty" context, the question of foreseeability as it relates to proximate causation generally must be left to the fact-finder to resolve. Thus, where reasonable persons could differ as to whether the facts establish proximate causation  i.e., whether the specific injury was genuinely foreseeable or merely an improbable freak  then the resolution of the issue must be left to the fact-finder. Vining v. Avis Rent-A-Car Systems, Inc., 354 So.2d 54, 56 (Fla. 1977); Florida Power & Light Co. v. Bridgeman, 133 Fla. 195, 182 So. 911 (1938). The judge is free to take this matter from the fact-finder only where the facts are unequivocal, such as where the evidence supports no more than a single reasonable inference. Tatom v. Seaboard Air Line Ry. Co., 93 Fla. 1046, 113 So. 671 (1927).
We believe the district court below erred in that it confused the duty and proximate causation elements, resulting in a mistaken assumption that Florida Power's duty was to foresee the specific sequence of events that led to McCain's injury, in light of the precautionary measures the company already had taken.[4]See McCain, 555 So.2d at 1272 (Threadgill, J., dissenting). This approach in effect allowed the duty element to subsume the question of proximate causation, with the result that the district court improperly attempted to resolve on appeal a factual question that should have been left with the jury. As to duty, the proper inquiry for the reviewing appellate court is whether the defendant's conduct created a foreseeable zone of risk, not whether the defendant could foresee the specific injury that actually occurred.
Here, there can be no question but that Florida Power had the ability to foresee a zone of risk. By its very nature, power-generating equipment creates a zone of risk that encompasses all persons who foreseeably may come in contact with that equipment. The extensive precautionary measures taken by Florida Power show that it understood or should have understood the extent of the risk involved. The very fact that Florida Power marked the property for McCain itself recognizes that McCain would be within a zone of risk while operating the trencher.
While it is true that power companies are not insurers, they nevertheless must shoulder a greater-than-usual duty of care in proportion to the greater-than-usual zone of risk associated with the business enterprise they have undertaken. Escambia County Elect. Light & Power Co. v. Sutherland, 61 Fla. 167, 55 So. 83 (1911). Electricity has unquestioned power to kill or maim. This is the precise reason the duty imposed upon power companies is a heavy one, because the risk defines the duty. Cobb v. Twitchell, 91 Fla. 539, 108 So. 186 (1926). Thus, if there is any general and foreseeable risk of injury through the transmission of electricity, the courts are not free to relieve the power company of this duty.
Certainly, the power company is entitled to give the fact-finder all available evidence about intervening causes, precautions taken against the risk, the fact that no similar injury has occurred in the past, and the comparative negligence of the plaintiff, among other matters. These questions clearly are relevant to the fact-based elements of breach or proximate causation. But the mere fact that such evidence exists  even if it ultimately may persuade the fact-finder  does not relieve the power company of its duty. Here, the zone of risk was foreseeable, giving rise to a coextensive duty of care as a matter of law. A reasonable jury then could have concluded as a matter of fact that McCain's injury fell within this zone of risk and that Florida Power breached the duty it owed to McCain.
*505 We also believe the jury was justified in concluding that the injury was proximately caused by Florida Power's breach. In so concluding, we acknowledge that reasonable minds can differ about the conclusions drawn from this record. Florida Power clearly undertook an impressive program of precautionary measures; and the record indicates that McCain's injury may have been the first to occur when a power cable of this type was servered accidentally. There was evidence that McCain was comparatively negligent, as the jury found. In many ways, the evidence is conflicting. Nevertheless, keeping in mind the standard of review for proximate causation, we cannot say that the only reasonable inference is that McCain's injury was factually unforeseeable.
In this instance, the power company's agent marked those areas where McCain could safely dig. There is sufficient evidence in this record to justify a reasonable person in concluding that this marking was done negligently, causing McCain to operate the trencher in an area where an energized cable lay buried. A foreseeable consequence of this sequence of events is that electricity might escape from a severed cable and injure McCain, notwithstanding the existence of safety equipment to prevent this result and notwithstanding the fact that no similar accident has occurred in the past on cables equipped with such safety equipment. Human experience teaches that safety equipment can fail and that the severing of any engergized cable is a dangerous event likely to lead to an electrical shock, even if safety equipment fails for only a split second. Indeed, if a jury believed the available evidence that McCain suffered a shock, it reasonably could have inferred that the safety equipment had failed.
There thus is sufficient evidence in this record that would justify a reasonable juror in concluding that McCain's injury was proximately caused by a breach of a duty imposed by law. The factual issues were for the jury, not the court, because reasonable persons may differ in resolving them. E.g., Vining; Bridgeman. Accordingly, the district court erred in remanding for entry of a directed verdict. The opinion under review is quashed and the jury's verdict is reinstated.
It is so ordered.
SHAW, C.J. and McDONALD, BARKETT and GRIMES, JJ., concur.
OVERTON, J., concurs specially with an opinion.
OVERTON, Justice, specially concurring.
I concur in the majority opinion. In doing so, I wish to emphasize that the act of marking and otherwise identifying the location of buried cables, when done properly, will serve to reduce or eliminate a power company's liability under the proximate causation prong of negligence theory. For example, persons digging in areas they know or should know to be "unsafe" will normally shoulder all or at least most of the liability under the principles of comparative negligence. Therefore, although the power company would still be under a duty of care because the zone of risk would still exist, the plaintiff would have a difficult time establishing proximate cause.
NOTES
[1] Of course, to determine this legal question the court must make some inquiry into the factual allegations. The objective, however, is not to resolve the issues of comparative negligence or other specific factual matters relevant to proximate causation, but to determine whether a foreseeable, general zone of risk was created by the defendant's conduct.
[2] Obviously, the duty can arise from other sources such as statutes or a person's status (e.g., the duty a parent owes a child). The Restatement (Second) of Torts, for example, recognizes four sources of duty: (1) legislative enactments or administration regulations; (2) judicial interpretations of such enactments or regulations; (3) other judicial precedent; and (4) a duty arising from the general facts of the case. Restatement (Second) of Torts § 285 (1965). In the present case, we deal with the last category  i.e., that class of cases in which the duty arises because of a foreseeable zone of risk arising from the acts of the defendant.
[3] Obviously, there is no requirement that the harm must recur every time, only that recurrence is likely.
[4] Obviously, this error was exacerbated by the district court's incorrect holding that it could only review those portions of the record occurring before the initial motion for directed verdict.