WOLF, Judge,
concurring in part and dissenting in part.
I concur with the majority’s affirmance as to the summary judgment in favor of Cross City. There is no evidence that the Cross City officer initiated the chase, exacerbated the situation, or did anything more than follow the lead of the officer from the Department of Agricultural and Consumer Services (department). A finding of no liability as to Cross City is consistent with the position of the majority of justices in City of Pinellas Park v. Brown, 604 So.2d 1222 (Fla.1992):
However, it may well be that the cities of Pinellas Park and Kenneth City should ultimately be dismissed from the suit upon motion for summary judgment or motion for directed verdict if the evidence develops that their police departments did nothing more than follow the lead of the Pinel-las County deputies.
Id. at 1228 (Grimes, J., concurring).
I dissent from that portion of the majority opinion, however, that determines that the department is not a legal cause of the injuries sustained by the plaintiffs. The department initiated the high-speed chase, continued it through Cross City, and requested Taylor County deputies to continue the chase. The department did not actually discontinue the chase, but withdrew only when it knew the chase was being continued by the Taylor County deputies.
The supreme court in Brown addressed three issues: (1) Whether the police owed a legal duty to the Browns; (2) whether the activities of the police were shielded from liability by the doctrine of sovereign immunity; and (3) whether there was a sufficient allegation of proximate causation to create a jury question. It determined that law enforcement entities were to be given deference in their determination to take steps to apprehend the offender, but they owed a duty not to exceed proper and rational bounds or act in a negligent, careless, or wanton manner. Relying on McCain v. Florida Power Corp., 593 So.2d 500 (Fla.1992), the court determined that under the facts of that case, a jury question existed as to proximate cause. The court then noted in a footnote:
[W]e find that police in the present case would have incurred no liability had they honored their departmental policies and discontinued pursuit of Deady, even if Deady later injured someone with his automobile or otherwise. See [Everton v. Willard, 468 So.2d 936, 938 (Fla.1985)]. What the police may not do is themselves needlessly exacerbate the danger to the public. Any danger a suspect poses to the public solely on his or her own cannot be imputed to the police who earlier have failed to make an arrest. Id.
Brown, supra at 1227, n. 8 (emphasis removed). Appellees and the majority argue that this footnote was a valid basis for granting summary judgment in this case.
The Brown court’s reliance on Everton implies that the court was concerned that its opinion would create liability for failure to pursue or arrest. Everton involved an action to recover damages resulting from an intoxicated motorist who had been previously stopped by a Pinellas County sheriff’s deputy, but who was issued a citation and then released. The supreme court held that the decision to arrest a motorist or to simply issue a citation was a discretionary function, protected by sovereign immunity.
*1157 Read in context, the footnote in Brown does not, as appellees argue, absolve the department of liability. Clearly, the footnote indicates only that had the pursuit ceased, the police would not have incurred liability even if the suspect had continued to speed independent of the police action. In the instant case, appellees’ discontinuation of the chase did not cease the pursuit. Rather, appellees remained in pursuit until the Taylor County Sheriffs Office took over. The evidence at trial may ultimately show that the accident occurred not because of the chase, but rather because of the “rolling roadblock,” or that appellees, unlike the officers in Brown, did follow department policy in continuing pursuit, or that appellees did pursue the runaway van in a reasonably prudent manner. However, just as the situation in Brown, I believe all of these inferences should be settled by a jury.
In addition, I am unable to say whether the actions of the Taylor County deputies or appellants were either independent or unforeseeable as a matter of law. An intervening cause releases a tort-feasor only when it is fully independent and unforeseeable. Loomis v. Howell, 604 So.2d 1241 (Fla. 1st DCA 1992). The intervention must be independent of the original negligence and must not be set in motion by the original negligence. Id; Tallahassee Furniture, Inc. v. Harrison, 583 So.2d 744 (Fla. 1st DCA), review denied, 595 So.2d 558 (Fla.1992). Generally, the issue of whether an intervening cause relieves a party of liability is a question of fact for the jury. McCain, supra. The actions of the Taylor County Sheriffs Department and the minor’s reckless driving can only absolve appellees if it was unforeseeable that the chase would lead to injury. Clearly, just as in Brown, human experience suggests that bodily injury is likely to occur when a van (which is unlikely to slow down or stop) is pursued at high speeds on a well-trafficked highway. Additionally, the action by the Taylor County Sheriffs Department was not fully independent in light of the fact that the department requested help from the Taylor County Sheriffs Department and that the officers from the department remained in pursuit of the van in
Taylor County until the Taylor County Sheriffs Department arrived.
I would reverse the summary judgment in favor of the department.