704 So.2d 1118 (1998)
Robert B. HITCHCOCK, Appellant,
v.
F.S. DISPOSITION, INC., a Florida corporation; Shell Oil Company, a foreign corporation; Roberto Magana; F.S. Convenience Stores, Inc., a Florida corporation; and Toni Gas & Food Stores, Inc., a Florida corporation, doing business as a general partnership under the name "REWJB Gas Investments," Appellees.
No. 96-04847.
District Court of Appeal of Florida, Second District.
January 16, 1998.
*1119 Carl H. Hoffman of Hoffman & Hertzig, P.A., Coral Gables, for Appellant.
Robert M. Brush of Lane, Trohn, Clarke, Bertrand, Vreeland & Jacobsen, P.A., Lakeland, for Appellees F.S. Convenience Stores, Inc. and Toni Gas & Food Stores, Inc., d/b/a REWJB Gas Investments.
QUINCE, Judge.
Robert B. Hitchcock appeals from a final summary judgment entered in his negligence action. He alleges the trial court erred in finding an absence of any genuine issue of material fact in the record as to the foreseeability elements of negligence. Because we conclude that the record and allegations of the complaint give rise to material issues of fact, we reverse.
On Christmas Eve, 1993, Robert Hitchcock went to the Farm Store located on U.S. 27 in Lake Placid, Florida, to purchase gasoline for his car. The store was busy, and the traffic was congested. This particular Farm Store location has a convenience store and three self-serve fuel islands which allow up to six vehicles to refuel at one time. Hitchcock positioned his vehicle on the north side of the center island and began filling his tank. The opening to the gas tank was located in the rear of his vehicle under the license plate. As Hitchcock filled his gas tank, Robert Magana pulled into the station and backed his car toward the same pump. Apparently, Magana's car stalled and when he revved the engine to restart it, the vehicle jumped backward, pinning Hitchcock between the two cars.
Hitchcock filed suit to recover damages for personal injuries sustained in the accident alleging, inter alia, that Farm Stores created and maintained a dangerous condition on the premises and caused his injury by failing to warn of the condition, by failing to supervise *1120 traffic on the premises, and by failing to use reasonable care in maintaining the premises. The complaint further alleged that Farm Stores owed Hitchcock, a business invitee, a duty of due care. The trial court granted Farm Stores' motion for summary judgment, finding no material issues of fact and holding the defendants were entitled to judgment as a matter of law. On appeal, Hitchcock argues that entering final summary judgment was error because the complaint and record give rise to material issues of fact on the matter of foreseeability. We agree and reverse.
To survive a motion for summary judgment, the plaintiff must establish a record which demonstrates a genuine issue of material fact as to that element of negligence disputed by the defendant. See Hervey v. Alfonso, 650 So.2d 644 (Fla. 2d DCA 1995). In the present case, Farm Stores alleges that Robert Magana is solely responsible for Hitchcock's injury and that the evidence is insufficient to create a factual dispute as to the issue of foreseeability as it relates to duty or proximate cause. In order to determine whether summary judgment was properly entered in this case, we must consider foreseeability in the context of both elements.
The supreme court in McCain v. Florida Power Corp., 593 So.2d 500 (Fla. 1992), clarified the standard which trial and appellate courts must apply in determining foreseeability issues under these elements. The court explained that in the duty element the focus is on "whether the defendant's conduct foreseeably created a broader `zone of risk' that poses a general threat of harm to others." Id. at 502. As the court further posited in footnote one, the query is whether a general zone of risk was created by the defendant's conduct, thus giving rise to a legal duty of care. In the context of proximate cause, however, the concern is the specific, narrow factual details of the particular case. Thus, the query under proximate cause is whether "prudent human foresight would lead one to expect that similar harm is likely to be substantially caused by the specific act or omission in question." Id. at 503.
In the present case, it is argued that Farm Stores created a dangerous condition on its premises by maintaining a self-service gas/convenience store where customers approached the pumps from many directions, including backing up to pumps, with very limited space when other vehicles are parked in front of the convenience store. It is also alleged that Farm Stores should have taken steps to ensure customers' safety by equipping the station with traffic control devices and/or markings to facilitate the safe and orderly flow of traffic.
Farm Stores' employees testified there is limited space available to accommodate the high volume of traffic at the station. According to the testimony, there is "really not that much room" at the fuel pumps. Hitchcock's safety expert testified that the limited space available and the large volume of traffic make traffic control devices and markings necessary for the safety and protection of Farm Stores' patrons. The record indicates that such devices are used to control traffic at other store locations. Additionally, employees testified that there had been occasional "fender-benders" at this particular Farm Stores location in the past. On the basis of these facts, a jury could decide that there was a foreseeable specific risk of an accident on this Christmas Eve when the store was busy and congested, and that the Farm Stores should have taken steps to direct the flow of traffic. See Butala v. Automated Petroleum & Energy Co., 656 So.2d 173 (Fla. 2d DCA 1995).
The defendant's duty and standard of care are interrelated on the issue of whether the events were foreseeable. These factual issues of foreseeability are generally clumped together under the proximate cause prong of negligence. As this court said in Butala,
It is important to understand, however, that the difficult factual question of foreseeability for the jury in most cases is not whether it was foreseeable that injury would be caused by the act of negligence, but rather whether the defendant's act was negligent because the specific event causing harm was sufficiently foreseeable that the defendant reasonably needed to take steps to avoid or prevent the event. Thus, the narrow issue of foreseeability must be *1121 resolved by the jury in determining the specific standard of care owed by the defendant under all the circumstances, not in determining whether a breach of that specific standard of care caused damage.
Id. at 176. It is difficult to separate these two aspects of foreseeability.
In this case there are factual issues concerning not only the specific standard of care owed under the circumstances presented here, but also whether a similar harm is likely to occur given this type of act or omission. See Springtree Properties, Inc. v. Hammond, 692 So.2d 164 (Fla.1997). Because there are factual issues which must be resolved by the trier of fact, summary judgment was inappropriate. We reverse the final summary judgment and remand for further proceedings consistent with this opinion.
PARKER, C.J., and WHATLEY, J., concur.