HARRIS, J.
Three young men, plaintiffs in this consolidated appeal, were sexually abused by Thomas Pagni, a former Catholic priest, long after he left the Church and while he was a counselor with Crosswinds. They sued the Diocese and individual priests on the theory that such defendants were liable because when Pagni, a known pedophile, was removed from the priesthood, such defendants, consistent with the Diocese’s responsibility to assist a former priest prepare to reenter secular life, provided financial assistance to Pagni in order for him to complete a degree in psychology/eounseling. Several years after this financial assistance and after Pagni obtained his degree and became licensed by the State as a counselor, and after Pagni was employed by Crosswinds, he abused these plaintiffs. It is plaintiffs’ contention that “but for” this financial assistance, Pagni would not have received a degree, would not have become a counselor, would not have been licensed by the State, would not have *1197 become employed by Crosswinds and would not have abused these plaintiffs. Plaintiffs rely on McCain v. Florida Power Corp., 593 So.2d 500 (Fla.1992), for the proposition that when one creates a “zone of risk,” he is responsible for any injuries occurring within that zone. Because the connection between the Diocesan defendants’ alleged bad conduct and the injuries to the plaintiffs is so speculative, we find McCain inapplicable to this case.
We are not willing to hold that one who makes it possible for a criminal, even a pedophile, to receive a college education is thereafter liable when years later, even if using the degree thus obtained, such person commits a criminal act. There are many jobs that may be available to one with a counseling degree that will not involve contact with children. The Diocesan defendants could not foresee that Pagni would be licensed as a counselor by the State and hired by Crosswinds to counsel young people without first checking Pagni’s background with the Diocese. There is no allegation that the Diocese made any effort to conceal Pagni’s background or to hide the reason for his removal as an active priest. We affirm the summary judgment entered in favor of the Diocesan defendants.
The plaintiffs also sued Saunders, a psychologist who treated Pagni for a number of years, because he, after voluntarily assuming the duty of recommending Pagni for li-censure, failed to report that Pagni was a pedophile. The trial court dismissed the action against Saunders with prejudice because of its reliance on Palmer v. Shearson Lehman Hutton, Inc., 622 So.2d 1085 (Fla. 1st DCA 1993). We disagree. Although Palmer found no common law liability under similar facts, it found a statutory duty and upheld a claim of liability on that basis. Here, Saunders is a psychologist. He undertook in that capacity to respond to a questionnaire from the Florida Department of Professional Regulation. He was advised that his failure to respond might result in Pagni’s being denied licensure. He responded as a psychologist and acknowledged a professional relationship with Pagni. He then deceived the Department concerning Pagni’s background in violation of section 491.009(1), (2), Florida Statutes, and, because of such deceit, Pagni was licensed and permitted to practice counseling vdth youths, members of the class intended to be protected by the statute. Unlike the claims against the Diocesan defendants as to which we affirm the summary judgment in favor of those defendants, we find the allegations against Saunders sufficient to withstand a motion to dismiss and reverse.
AFFIRMED in part; REVERSED in part and REMANDED for further action consistent with this opinion.
W. SHARP, and PETERSON, JJ., concur.