dissenting.
I respectfully dissent. The facts as alleged by the Appellant and which we accept as true set forth the following sequence of events:
1. On July 8, 1985, Stamey purchased alcoholic beverages at Albertson’s and consumed a portion thereof.
2. The following day, Stamey purchased a quantity of beer at a Texaco food store, which he consumed together with the beer left over from his purchase from Albertson’s the previous day.
3. That same day, he purchased alcoholic beverages from a Citgo food store and consumed a portion of those beverages.
4. He then went to a Marriott and purchased a mixed drink which he consumed on the premises.
5. As a result of his alcohol consumption, he became more aggressive and combative than he was normally.
6. That evening while still intoxicated, he became involved in a verbal dispute with his stepfather.
7. The verbal dispute escalated into a physical confrontation.
8. As a result of the confrontation, Sta-mey’s stepfather shot and fatally wounded him.
On this bizarre set of facts, Stamey’s estate seeks to hold Albertson’s responsible for Stamey’s death at the hands of his stepfather.
I agree with the majority’s observation that, generally, a jury should decide whether a tort-feasor’s act and a victim’s injury are proximately related. See McCain v. Florida Power Corp., 593 So.2d 500, 504 (Fla.1992). *1247 However, the McCain court also recognized that:
Thus, as the Restatement (Second) of Torts, has noted, a trial court has discretion to remove the issue from the jury if, “after the event and looking back from the harm to the actor’s negligent conduct, it appears to the court highly extraordinary that [the conduct] should have brought about the harm.” Restatement (Second) of Torts § 435(2) (1965).
Id. at 503-04.
In my opinion, this is just such a case. Albertson’s action as alleged is simply too remote from Stamey’s injury to be the proximate cause of his death. I would affirm the dismissal of Stamey’s claim against Albert-son’s.