CONNER, BURTON C., Associate Judge.
Jean Robert Bien Aime appeals the trial court’s dismissal of his third amended complaint with prejudice. The trial court determined that the third amended complaint failed to state a cause of action against State Farm Insurance Company for negligence. Specifically, the trial court concluded that the third amended complaint failed to allege a legal duty owed by State Farm to Bien Aime.
In October 1993, Bien Aime was a passenger in a 1984 Honda vehicle involved in a two car collision. At the time of the accident involving Bien Aime, the Honda was owned by Josué Libertin. As a result of the collision, Bien Aime allegedly sustained permanent injuries and disability. *112 Five years prior to the accident, the Honda had been involved in another accident and at that time it was owned by Charles Wissler. During the time Wissler owned the Honda, it was insured by State Farm. At the time of the earlier accident, State Farm exercised its option under the policy to have the vehicle repaired.
In the third amended complaint, Bien Aime alleged that not only did State Farm select the company that made the actual repairs, but “took an active role in and controlled the adjustment process,” and allegedly:
“(a) used or required the use of after market parts and non-genuine parts;
(b) used or required the use of parts that did not properly fit;
(c) used or required the use of improper repair methods.”
Bien Aime alleged, as a result of the repairs after the earlier accident, that the Honda was not crashworthy. As a subsequent passenger, Bien Aime also alleged that his injuries were foreseeable, and State Farm owed him a duty to repair the vehicle in a reasonable and prudent manner so as to return it to substantially the same condition as it was prior to the earlier accident. Bien Aime further alleged that as a direct and proximate cause of State Farm’s failure to properly repair the vehicle, he was injured. The trial court concluded that Bien Aime failed to allege the existence of a legal duty under the fact situation described in the third amended complaint because Bien Aime was not within the foreseeable “zone of risk” of whatever duty State Farm may have had to its insured, Charles Wissler, when it exercised its option under the policy to repair the vehicle at the time of the earlier accident.
As the trial court correctly noted in its order, in a negligence action, the existence of a duty is a question of law to be determined by the court. See McCain v. Florida Power Corp., 593 So.2d 500 (Fla.1992). In causes of action for negligence, “[t]he duty element ... focuses on whether the defendant’s conduct foresee-ably created a broader ‘zone of risk’ that poses a general threat of harm to others.” Id. at 502; see Kaisner v. Kolb, 543 So.2d 732 (Fla.1989). As pointed out by the Florida Supreme Court in McCain, the duty element of negligence “is a minimal threshold legal requirement for opening the courthouse doors,” and is completely different from the proximate causation element of negligence, which focuses on whether and to what extent the defendant’s conduct foreseeably and substantially caused the specific injury that actually occurred. McCain, 593 So.2d at 502 (emphasis omitted) (footnote omitted). Proximate causation is part of the greater specific factual requirements that must be proven to win a negligence case once the courthouse doors are open. See id. at 502.
“Florida, like other jurisdictions, recognizes that a legal duty will arise whenever a human endeavor creates a generalized and foreseeable risk of harming others.” Id. at 503. “Where a defendant’s conduct creates a foreseeable zone of risk, the law will recognize a duty placed upon [the] defendant either to lessen the risk or see that sufficient precautions are taken to protect others from the harm that the risk poses.” Kaisner, 543 So.2d at 735; see Webb v. Glades Elec. Coop., Inc., 521 So.2d 258 (Fla. 2d DCA 1988). “[E]ach defendant who creates a risk [of harm] is required to exercise prudent foresight whenever others may be injured as a result.” McCain, 593 So.2d at 503. “Foreseeability ... is crucial in defining the scope of the general duty placed on every person in our society to avoid negligent acts or omissions.” Id. “As to duty, the proper inquiry for the reviewing appellate court is whether the defendant’s conduct created a foreseeable zone of risk, not whether the defendant could foresee the specific injury that actually occurred.” Id. at 504 (emphasis omitted). Appellate *113 courts, as well as trial courts, cannot find a lack of duty if a foreseeable zone of risk of harm was more likely than not created by the defendant. See id. at 503.
Upon reviewing the third amended complaint, we find that Bien Aúne sufficiently stated facts that State Farm actively controlled the repair of a motor vehicle. See Aaron v. Allstate Ins. Co., 559 So.2d 275 (Fla. 4th DCA 1990) (explaining that when reviewing a lower court’s dismissal of a complaint for failure to state a cause of action, the appellate court must take all the well pleaded allegations of the complaint as true and consider them in the light most favorable to the nonmoving party). In this case, the thrust of Bien Aime’s theory of duty owed by State Farm revolves around the notion that State Farm actively controlled[1] the repair. We hold that if State Farm controlled the repair as alleged, then State Farm had a duty to assure the repair was done properly so that its insured and all subsequent passengers of the vehicle would not be injured as a result of the repair. Thus, the trial court erred by dismissing the third amended complaint for failure to state a cause of action, and we reverse for further proceedings.
REVERSED.
WARNER and STEVENSON, JJ., concur.

. Our decision in this case is limited to the facts alleged in the complaint that State Farm controlled the repair by insisting that certain parts and procedures be used in making the repair. We do not extend our conclusion that a duty exists in this case to categorically include situations where the insurance company selects or controls who makes the repair. Since this case was limited to a review of whether the complaint failed to state a cause of action for failure to properly allege a legal duty, we have not addressed the issue of whether Bien Aime has evidence to prove that the repair allegedly controlled by State Farm was the proximate cause of Bien Aime's injuries in the later accident.