CANADY, J.,
dissenting.
Because I conclude that there is no basis for this Court to exercise jurisdiction, I would discharge this case. Contrary to the view adopted by the majority, the decision of the Third District Court in Reider v. Dorsey, 98 So.3d 1223 (Fla. 3d DCA 2012), does not expressly and directly conflict with McCain v. Florida Power Corp., 593 So.2d 500 (Fla.1992). I therefore dissent.
In McCain, the plaintiff was injured when the blade of the trencher he was operating struck an underground Florida Power Corporation electrical cable after “[a]n employee of Florida Power had come out earlier and marked those areas where it would be safe to use the trencher.” Id. at 501. The Court concluded that Florida Power owed a duty of care to the plaintiff. Id. at 504. The Court’s decision was partially based on the heightened duty of care owed by power companies based on the nature of their business. Id.
In reaching its conclusion, the Court explained:
Contrary to the tacit assumption made by the district court, foreseeability relates to duty and proximate causation in different ways and to different ends. The duty element of negligence focuses on whether the defendant’s conduct foreseeably created a broader “zone of risk” that poses a general threat of harm to others. The proximate causation element, on the other hand, is concerned with whether and to what extent the defendant’s conduct foreseeably and substantially caused the specific injury that actually occurred. In other words, the former is a minimal threshold legal requirement for opening the courthouse doors, whereas the latter is part of the much more specific factual requirement that must be proved to win the case once the courthouse doors are open. As is *867 obvious, a defendant might be under a legal duty of care to a specific plaintiff, but still not be liable for negligence because proximate causation cannot be proven.
Id. at 502-08 (footnote and citations omitted). The Court went on to state: “As to duty, the proper inquiry for the reviewing appellate court is whether the defendant’s conduct created a foreseeable zone of risk, not whether the defendant could foresee the specific injury that actually occurred.” Id. at 504. Additionally, the Court stated that power companies “must shoulder a greater-than-usual duty of care in proportion to the greater-than-usual zone of risk associated with the business enterprise they have undertaken.” Id.
In Reider, the Third District addressed the issue of whether Reider owed Dorsey a duty of care to prevent Noordhoek from striking Dorsey with a tomahawk owned by Reider during an altercation in a bar parking lot. 98 So.3d at 1225. In reaching its conclusion that Reider did not owe a duty of care to Dorsey, the Third District applied the “ ‘foreseeable zone of risk’ analysis” outlined in McCain. Id. at 1226. The Third District concluded that because Reider did not have control over Noor-dhoek or control over the tomahawk, Reid-er did not owe a duty of care to Dorsey. Id. at 1228.
McCain is distinguishable from Reider because the negligent act was committed by the defendant’s employee instead of an independent third party. Further, the Court’s decision in McCain was partially based on a power company owing a heightened duty of care. See McCain, 593 So.2d at 504.
The Third District did not misapply McCain within the four corners of its opinion. See Reider, 98 So.3d at 1228. The majority’s conclusion that the Third District misapplied McCain appears to be based on its disagreement with the result reached by the Third District. However, disagreement with the result reached by a district court applying one of our decisions does not warrant the conclusion that the decisions expressly and directly conflict. Accordingly, Reider and McCain are factually distinguishable and do not provide a basis for exercising this Court’s jurisdiction.
POLSTON, C.J., concurs.