CANADY, J.,
dissenting.
Because I conclude that the decision of the district court of appeal, Limones v. School District of Lee County, 111 So.3d 901 (Fla. 2d DCA 2013), does not expressly and directly conflict with McCain v. Florida Power Corp., 593 So.2d 500 (Fla.1992), I would dismiss review of this case for lack of jurisdiction under article V, section 3(b)(3), of the Florida Constitution. I therefore dissent.
In McCain, the plaintiff was injured when the blade of a trencher he was operating made contact with an underground electrical cable owned by Florida Power Corporation. The Court held that because cables transmitting electricity had “unquestioned power to kill or maim,” the defendant had created a “foreseeable zone of risk” and therefore, as a matter of law, had a duty to take reasonable precautions to prevent injury to others. McCain, 593 So.2d at 503-04. In Limones, the district court of appeal held as a matter of law that a school district “had no common law duty to make available, diagnose the need for, or use” an automated external defibrillator on a student athlete who “collapsed on the field ... stopped breathing and had no discernible pulse” during a high school soccer match. Limones, 111 So.3d at 903, 906. The two decisions are clearly distinguishable based on their totally different facts. Therefore, there is no express and direct conflict and we lack jurisdiction to review the district court’s decision.
POLSTON, J., concurs.