[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-10112
Non-Argument Calendar
_____

D.C. Docket No. 8:19-cv-00845-TPB-TGW

JOANNA ERICKSON,
STEVEN ERICKSON,
THE CHURCH WITHOUT LIMITS, INC.,
a Florida not-for-profit company
d.b.a. No Limits Learning Academy,

Plaintiffs-Appellants,

versus

MANATEE COUNTY SHERIFF'S DEPARTMENT,
MANATEE COUNTY CHILD PROTECTIVE SERVICES,

Defendants,

RICK WELLS,
in his Official Capacity as Sheriff of Manatee County, Florida,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 26, 2020)

Before WILLIAM PRYOR, Chief Judge, JORDAN and NEWSOM, Circuit Judges.

PER CURIAM:

Joanna and Stephen Erickson, the pastors of The Church Without Limits, Incorporated, appeal the dismissal of their third amended complaint against Rick Wells, the Sheriff of Manatee County, Florida. The Ericksons complained that a child protective investigation that preceded the demise of their daycare center, No Limits Learning Academy, and that tarnished their reputations violated their federal right to due process under the Fourteenth Amendment. 42 U.S.C. § 1983. The Ericksons also complained that the Sheriff was negligent, under Florida law, in failing to train and supervise a child protective investigator. The Sheriff moved to dismiss for failure to state a claim for relief. *See* Fed. R. Civ. P. 12(b)(6). The district court granted the Sheriff's motion and dismissed the Ericksons' complaint with prejudice for failing to cure deficiencies identified in the order dismissing their second amended complaint without prejudice. We affirm.

After the Sheriff and another official removed this action from a state court, *see* 28 U.S.C. § 1331, the district court ruled that the Ericksons' second amended complaint failed to state a claim against the Sheriff for the denial of due process, *see* 42 U.S.C. § 1983, or for negligent supervision. *See* Fed. R. Civ. P. 12(b)(6). The district court dismissed the federal claim on the grounds that the emotional injuries the Ericksons alleged that they suffered from "bad press" coverage during

2

the investigation did not deprive them of a liberty interest protected by the Due Process Clause and that the couple alleged no policy or custom in the Sheriff's Office that constituted deliberate indifference to a constitutional right. The district court dismissed the Ericksons' state claim of negligent supervision for failure to allege facts to support any of the four statutory elements of the cause of action.

To determine whether the Ericksons' third amended complaint states a claim against the Sheriff, we accept their factual allegations as true and consider the attached exhibits. *See Echols v. Lawton*, 913 F.3d 1313, 1319 (11th Cir. 2019). The couple allege that, on July 6, 2017, a six-year-old male student enticed a younger female student to pull down her pants, which led to a joint investigation by the Florida Department of Children and Families and the Child Protective Services division of the Sheriff's Office, *see* Fla. Stat. § 39.302(1). On July 18, 2017, Lisa Montera, a child protective investigator, served on Joanna Erickson a notice that, "pursuant to Section 39.302, Florida Statutes, the Department has determined your continued contact with children in care constitutes a threatened harm to [their] physical health, mental health, or welfare" and has imposed a "DENIAL OF ACCESS TO DAY CARE CHILDREN" "for up to 90 days." *See id.* § 39.302(2). Montera told Joanna that she had "never gotten to do this before" and was "shutting [Joanna's] school down." When Joanna remarked that she was the only subject named on the notice, the investigator added the Academy as an additional

subject. As children left the daycare, Montera "advised each parent that [the daycare] was being shut down because of Joanna." "[T]he media learned of the event" and the Ericksons and their church were "wrongfully defamed." The Ericksons never challenged the 90-day denial of access even though the notice stated that "Section 39.302(2)(a), Florida Statutes, entitles you to petition the circuit court for judicial review if you disagree with the restriction."

The Department "never sought to" or "ever suspended or revoked" the Ericksons' daycare license. On August 2, 2017, Montera told Joanna that the investigation was closed and that she could reopen the Academy. The Ericksons tried to revive the daycare center, but its enrollment dwindled and eventually it closed. The couple later learned that a notice of a denial of access to children is "never used" to close a facility and that the Academy could have continued to operate during the investigation.

The Ericksons complained that they were deprived of "liberty interests in their personal reputations and the business reputation of the Academy and its good will" and of a leasehold interest in real property used by the church due to the Sheriff's failure to train investigators to comply with the policies and procedures of the Department of Children and Families for child protective investigations. *See* 42 U.S.C. § 1983. The couple alleged that Department policies dictated that it retained control of the investigation and that daycare owners receive notice and an

4

opportunity to respond before having their business license suspended. *See* Fla. Stat. §§ 402.310(2), 120.60(5). The couple also alleged that Montera failed to ensure the Academy continued to operate during the investigation, by providing "when requested by the owner of the facility, [that] the department . . . provide appropriate personnel to assist in maintaining the operation of the facility" when "the removal of a subject of a report will result in the closure of the facility," and the owner "demonstrate[s] . . . [that] no reasonable alternatives" exist. *Id.* § 392.302(3). And the couple alleged that the Sheriff "was at all times material aware that confrontations and/or encounters between Child Protective Investigators and citizens within their jurisdiction, including Joanna Erickson and Steven Erickson, carried the substantial potential for violating those citizens' constitutional rights."

The Ericksons also complained that the Sheriff was negligent in failing to train and supervise Montera. The couple alleged that Montera's "forced shutdown and evacuation of the Academy" and the resulting stigma they suffered "contradict[ed] . . . established Florida law and [the] written policies and procedures [of the Department]." The couple alleged that the Sheriff's Office "was on notice of numerous materially similar prior incidents" and "was on notice of the[] failure to implement [the] written policies and procedures and the need to

5

train and supervise Child Protective Investigators regarding the implementation of said policies and procedures for conducting child protective investigations."

The district court ruled that the Ericksons' complaint failed to state a federal claim they were denied due process because they identified no "*actual* policies or . . . facts to support the existence of a widespread custom" that "caused a violation of a constitutional right" and alleged no "facts to support their allegation that the[ir] incident [was] not isolated." The district court also ruled that the Ericksons failed to state a state-law claim of negligent training and supervision because their "complaint [was] devoid of allegations recognizing a special duty of care that the Sheriff or Montera owed" them, their "[v]ague references to similar incidents [was] not enough" to establish that "the Sheriff had actual or constructive knowledge of any prior issues with Montera," and they "still [did] not allege that Montera committed a common-law tort against them."

The district court did not err by dismissing the Ericksons' third amended complaint. Like its predecessor, the third amended complaint lacks "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Ericksons failed to plead facts from which the district court could "draw the reasonable inference that the [Sheriff] was liable for the misconduct alleged." *Id.* at 678.

6

The Ericksons' complaint fails to state a federal claim that the Sheriff violated their right to due process. To impose liability on the Sheriff, the Ericksons must allege facts that would establish that the Sheriff had a policy or custom that constituted deliberate indifference to a right protected by the Constitution. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Because the Ericksons attribute the constitutional violation to the Sheriff's failure to train, the couple must allege facts establishing there existed "[a] pattern of similar constitutional violations by untrained employees," *Connick v. Thompson*, 563 U.S. 51, 62 (2011); *see Gold v. City of Miami*, 151 F.3d 1346, 1351 (11th Cir. 1998). But the Ericksons' complaint identifies no other instance in which a child protective investigator had altered a notice that denied access to children at a daycare center and forced the facility to close. The couple allege only that the Sheriff was "aware of the substantial probability" that similar "confrontations and/or encounters between Child Protective Investigators and citizens" might occur. Because the Ericksons sought to impose liability on the Sheriff based on the single instance of unlawful conduct by Investigator Moreno, and "random acts or isolated incidents are insufficient to establish a custom or policy," *Depew v. City of St. Marys*, 787 F.2d 1496, 1499 (11th Cir. 1986), the district court correctly dismissed on the ground that the complaint failed to state a plausible claim for relief.

The Ericksons' complaint also fails to state a state-law claim of negligent supervision or training for failure because it fails to allege an underlying duty of care connected to the incident at their daycare. *See Trianon Park Condo. Ass'n v. City of Hialeah*, 468 So. 2d 912, 917 (Fla. 1985). Under the facts alleged, the Sheriff and Montera owe no duty of care to the Ericksons. Neither the Sheriff's actions in how he supervises Montera in enforcing nor Montera's enforcement of the law governing child protective investigations has any corresponding duty of care. *See Everton v. Willard*, 468 So. 2d 936, 938 (Fla. 1985) (stating that officers have no duty of care when performing function of enforcing laws); *State By & Through Office of State Attorney v. Kowalski*, 617 So. 2d 1099, 1100 (Fla. Dist. Ct. App. 1993). And Montera's actions did not create a risk of harm that obligated her to extend a special duty of protection to Joanna. Montera neither detained nor endangered Joanna. *See Wallace v. Dean*, 3 So. 3d 1035, 1048 (Fla. 2009) (discussing "zone of risk"). That Montera caused Joanna and the Academy to be portrayed "in a false light through the media" created no special duty because Montera has no duty to "prevent the misconduct of third persons." *See Trianon Park Condo. Ass'n*, 468 So. 2d at 918.

The Ericksons' complaint also fails to allege that the Sheriff breached a duty to supervise or train under state law. *See Malicki v. Doe*, 814 So. 2d 347, 361–62 (Fla. 2002) (elements of a claim of negligence). The crux of negligence is

8

forseeeability to prevent unlawful conduct, *see McCain v. Fla. Power Corp.*, 593 So. 2d 500, 502 (Fla. 1992), and the Ericksons allege no facts from which one could plausibly infer that the Sheriff should have foreseen that Montera would act unlawfully based on her past conduct or the conduct of other officers. The Ericksons alleged that Montera said she had "never gotten to" serve a notice denying access to daycare children "before," so the Sheriff could not have predicted that Montera would alter the notice and force Joanna to close the daycare center. *See Dep't of Envtl. Prot. v. Hardy*, 907 So. 2d 655, 660 (Fla. Dist. Ct. App. 2005). The Ericksons alleged that the Sheriff should have known of the need to train and supervise based "on notice of numerous materially similar prior incidents," but that conclusory allegation fails to "nudge[ ] [the Ericksons'] claim[] across the line from conceivable to plausible," *Twombly*, 550 U.S. at 570. To state a claim for negligent supervision under Florida law, a plaintiff must allege that an employer had notice that an employee was unfit but unreasonably failed to investigate the employee and take corrective action. *Hardy*, 907 So. 2d at 660. There are no allegations here that the Sheriff was on notice of misconduct by Montera before the incident at issue. In the absence of facts to establish the timing and circumstances of prior incidents, the complaint falls short of supporting a plausible inference that the Sheriff had notice of a need to train and supervise child protective officers how to ensure they did not unlawfully close daycare centers.

9

The district court did not err by dismissing the Ericksons' complaint. Because the complaint lacked well-pleaded facts from which the district court could draw a reasonable inference that the Sheriff was liable for any wrongoing, the complaint was properly dismissed for failure to state a claim.

We **AFFIRM** the dismissal of the Ericksons' complaint.