# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2024-2944
LT Case No. 16-2023-CA-1892

_____

SCOTT HALE,

    Appellant,

    v.

SLEIMAN ENTERPRISES, INC.,

    Appellee.

_____

On appeal from the Circuit Court for Duval County.
Bruce R. Anderson, Jr., Judge.

Benjamin James Stevenson, of Stevenson Legal, PLLC,
Pensacola Beach, for Appellant.

Jack R. Reiter and Eric Yesner, of Gray Robinson, P.A., Miami,
for Appellee.

June 5, 2026

EISNAUGLE, J.

In this slip and fall premises liability case, Scott Hale ("Hale") appeals the entry of summary judgment in favor of Sleiman Enterprises, Inc. ("Sleiman"). In rendering judgment, the trial court concluded that Sleiman owed no legal duty to Hale. We reverse.

# I

Hale managed a Domino's Pizza restaurant operating on premises leased from Sleiman. At some point, water started leaking from the roof into the kitchen. Hale managed the condition by strategically placing garbage cans to catch and contain the water.

The lease provided that only Sleiman, or its "designated roofing contractor," could "enter upon" the roof. As such, Domino's did not inspect the roof to determine the source of the leak. Instead, it reported the leak to Sleiman.

About seven days later, Hale observed no active leak and noted that the floor where he placed the garbage cans appeared dry. Believing the leak had been resolved, he removed the garbage cans. Shortly thereafter, Hale slipped and fell in a wet area while walking past the oven toward the refrigerator. He testified that he did not see the wet spot before he fell.

Hale sued Sleiman, alleging that Sleiman owed a duty to timely investigate and address the leak. Sleiman moved for summary judgment arguing that the leak originated from a defective hood vent and that the lease required Domino's to maintain the vent. Based on those lease provisions, Sleiman argued that it owed no duty to Hale.

In response, Hale argued that Sleiman breached a duty of care because Sleiman had exclusive control over access to the roof. As a result, argued Hale, Domino's could not discern the cause of the leak or repair the hood vent without Sleiman's involvement and approval.

The trial court granted summary judgment in favor of Sleiman, reasoning that Sleiman did not owe a duty to Hale. This appeal follows.

# II

On appeal, Hale argues that Sleiman owed a duty to timely investigate the cause of the leak because Sleiman retained

exclusive authority to access the roof and investigate the source of the leak. According to Hale, Domino's could not discover that the leak originated from the hood vent until Sleiman entered onto the roof to investigate. We agree.

The existence of a duty of care in a negligence action is a question of law. *See Goldberg v. Fla. Power & Light Co.*, 899 So. 2d 1105, 1110 (Fla. 2005). A duty can arise in several ways. Relevant here, a duty arises where the "defendant's conduct foreseeably created a broader 'zone of risk' that poses a general threat of harm to others." *McCain v. Fla. Power Corp.*, 593 So. 2d 500, 502 (Fla. 1992). The terms of the lease between Domino's and Sleiman in this case are "one facet of the general facts" relevant to our duty analysis. *Clay Elec. Co-op., Inc. v. Johnson*, 873 So. 2d 1182, 1185 (Fla. 2003).

We conclude that Sleiman owed Hale a duty of reasonable care under the circumstances presented here. Importantly, the lease prohibited Domino's from accessing the roof to investigate the source of the leak. Only Sleiman was authorized to do so. While the lease provision requiring Domino's to maintain the hood vent may be relevant to other issues in the case, that fact does not relieve Sleiman of its duty.[1]

We therefore reverse the summary judgment and remand for further proceedings.

REVERSED and REMANDED.

MAKAR and EDWARDS, JJ., concur.

---

[1] We likewise reject, without further discussion, the argument that the danger in this case was open and obvious. *Cf. Williams v. Weaver*, 381 So. 3d 1260, 1266 (Fla. 5th DCA 2024) ("While the fact that a danger is obvious discharges a landowner's duty to warn, it does not discharge the landowner's duty to maintain his property in a reasonably safe condition.").

3

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____