BOARDMAN, Judge.
This is an appeal of a final summary judgment in favor of defendants Carl Han-kins, Inc. (Hankins) and Maryland Casualty Company, Hankins’ insurance carrier. The lawsuit arose out of an intersection collision between a northbound van in which appellants were passengers and an eastbound automobile driven by Maxine Risley.[1] Appellants alleged that Hankins failed to maintain its property, which was on the southwest corner of the intersection, in a safe condition in that a wooden barrier bordering the edge of the property obstructed the view to the west of northbound drivers and the view to the south of eastbound drivers, and that appellants’ injuries were a direct and proximate result of this negligence on Hankins’ part. Appellees moved for summary judgment on the ground that the negligence of one or both drivers was the sole proximate cause of the accident, which motion was granted.
It is well settled that summary judgment should not be granted, especially in negligence cases, unless the moving party can demonstrate that there is no genuine issue of any material fact which, if taken in a light most favorable to the nohmoving party, would entitle the nonmoving party to relief. Holl v. Talcott, 191 So.2d 40 (Fla.1966). All reasonable inferences must be resolved against the movant. Booth v. Mary Carter Paint Co., 182 So.2d 292 (Fla. 2d DCA 1966). Appellees here have not met their burden. The depositions of the investigating police officer and other witnesses raise an issue of material fact concerning the wooden barrier’s effect on visibility at the intersection in question. See Cook v. Martin, 330 So.2d 498 (Fla. 4th DCA), cert. denied, 339 So.2d 1170 (Fla.1976) (holding that an issue of material fact was raised concerning the effect of certain shrubbery located on defendant’s premises on visibility of someone leaving those premises).
Accordingly, the final summary judgment is REVERSED and the cause REMANDED for further proceedings.
HOBSON, A. C. J., and RYDER, J., concur.

. Not a party to this appeal.