SHIVERS, Judge.
Appellant, Monica Rapp, appeals the trial court’s order granting summary judgment in favor of the appellee/defendant in a negligence action. We reverse.
The record on appeal indicates that the appellant filed an amended complaint against appellee, owner of a Ramada Inn Motel located along Highway 98 in Fort Walton Beach. According to the complaint, appellant checked into appellee’s motel on March 30, 1988, and was issued a “guest parking pass” allowing her to use the motel’s parking lot. On the evening of April 1, 1988, appellant left the motel and, when she returned, exhibited her parking pass to the security guard on duty. Instead of being allowed to park at the motel lot, however, she was instructed by the guard to park in an area located across Highway 98, off the motel premises. Appellant parked as directed and, while crossing the highway on foot to return to her motel room, was struck and injured by a speeding car.
Appellee moved for summary judgment, and a hearing was held at which the court apparently considered two depositions. In the first, Robert Burns testified that he had worked as a parking lot security guard at the Ramada Inn on the evening of appellant’s accident. Burns recalled that the motel’s parking lot was very crowded just prior to the accident, due to the presence of several emergency vehicles on the premises. He did not specifically recall directing the appellant to park across the street, but did state that people were sometimes directed to park at “Franco’s,” located across Highway 98 from the motel. When asked what he knew about the reputation of the stretch of highway located in front of the motel, Burns indicated that it was a “dangerous stretch of highway,” explaining that it was a four-lane highway crossed by many pedestrians, with a speed limit that rapidly reduced from 55 m.p.h. to 35 m.p.h.
In the second deposition, Rick Stevens, director of Emergency Medical Services for Okaloosa County, and the paramedic who responded to the scene of appellant’s acci *282 dent, also testified that the stretch of highway in front of the motel was “basically considered to be a fairly dangerous section of highway,” and that there had been several fatalities, and stricken pedestrians in front of the motel. Stevens also indicated that the lighting in the area was “fairly poor” and that his department had spoken with the County Commission at one time suggesting that a pedestrian walk-over be built to try to alleviate the number of accidents, particularly those involving pedestrians. After examining the evidence and arguments of counsel, the trial court granted summary judgment in appellee’s favor, finding there to be no justiciable issues of fact or law, and finding that the appellant had failed to show that the defendant owed a duty “to warn of those perils which are open and obvious.”
We reverse the trial court’s entry of summary judgment. The two depositions contained in the record clearly suggest that there exist disputed factual issues with regard to the dangerousness of the condition existing along the highway in front of the motel, as well as issues with regard to whether the condition was “open and obvious” and whether appellant had knowledge of the condition. We therefore reverse the finding of summary judgment, and remand for further proceedings.
REVERSED and REMANDED.
ERVIN and WIGGINTON, JJ., concur.