608 So.2d 937 (1992)
Laura JOHNSON, as Personal Representative of the Estate of Jason Johnson, Deceased, Appellant,
v.
HOWARD MARK PRODUCTIONS, INC., a Florida corporation, Appellee.
No. 92-01070.
District Court of Appeal of Florida, Second District.
November 18, 1992.
*938 Michael J. Babboni of Leonard A. McCue & Assoc., P.A., St. Petersburg, for appellant.
Kirk M. Gibbons and Elizabeth A. Pereira, Tampa, for appellee.
ALTENBERND, Judge.
Laura Johnson, as personal representative of the estate of Jason Johnson, appeals a summary judgment entered in favor of Howard Mark Productions, Inc. We reverse because the trial court prematurely determined as a matter of law that the defendant, a landowner, could not owe a duty in this case that included a standard of care to protect an invitee on property adjacent to the landowner's property. This determination was made at summary judgment before the defendant had satisfied the difficult evidentiary burden described in Wills v. Sears, Roebuck & Co., 351 So.2d 29 (Fla. 1977).
The amended complaint alleges that Jason Johnson was struck and killed by an automobile on June 4, 1988, while attempting to cross U.S. Highway 41 in Bradenton, Florida, to patronize the defendant's teenage nightclub. The plaintiff maintains that this accident was caused, at least in part, because the teenage nightclub had "woefully insufficient" parking. As a result, the teenagers parked on the opposite side of U.S. 41 and walked across the highway in the dark. The amended complaint asserts that the inadequate parking was a dangerous condition of which the defendant knew or should have known.
The trial court entered the summary judgment based exclusively upon responses to requests for admissions. The plaintiff admitted only that Jason Johnson was struck and killed by an automobile on U.S. 41, not on property owned or leased by the defendant. The defendant's motion for summary judgment was not supported by depositions or other discovery describing the accident or the condition of its premises. Thus, we must assume at this stage of the proceedings that the defendant's parking was inadequate, causing teenagers to regularly cross the highway in the dark, and that the defendant was aware of this dangerous situation.
Although a landowner is most commonly liable for injuries that occur on the property, there are occasions when a landowner may be liable for a dangerous condition that results in injury off the premises. See, e.g., Pope v. Carl Hankins, Inc., 411 So.2d 898 (Fla. 2d DCA 1982) (summary judgment premature where defendant's wooden barrier may have obstructed visibility and caused accident on adjacent highway); Holiday Inns, Inc. v. Shelburne, 576 So.2d 322 (Fla. 4th DCA 1991) (owner of lounge may be liable for injuries to patrons in an adjacent parking lot), dismissed, 589 So.2d 291 (Fla. 1991). See generally W. Prosser, Law of Torts, § 57 (4th ed. 1971) (discussing property owners' duties for acts occurring outside premises); Restatement (Second) of Torts § 371 (1965) (possessor of land may be subject to liability for physical harm to others outside land caused by activity carried on by possessor thereon). In other words, the general standard of care which the common law places on all landowners to protect invitees under a wide spectrum of circumstances can authorize a case-specific standard of care requiring protection of invitees on nearby property if the landowner's foreseeable zone of risk extends beyond the boundaries of its property. Cf. Kaisner v. *939 Kolb, 543 So.2d 732, 735 (Fla. 1989) ("Where a defendant's conduct creates a foreseeable zone of risk, the law generally will recognize a duty placed upon defendant either to lessen the risk or see that sufficient precautions are taken to protect others from the harm that the risk poses.") and McCain v. Florida Power Corp., 593 So.2d 500, 502 & n. 1 (Fla. 1992) (to define duty, some inquiry must be made into factual allegations to determine whether a foreseeable, general zone of risk was created by defendant's conduct).
Other courts have concluded in the context of cases involving similar dangerous conditions that the case-specific standard of care can be a question for the jury to decide. See, e.g., Rapp v. Tolbert Enters., Inc., 591 So.2d 281 (Fla. 1st DCA 1991) (summary judgment improper when motel guest struck while crossing highway from remote parking), review denied, 601 So.2d 554 (Fla. 1992); Thunderbird Drive-In Theatre v. Reed, 571 So.2d 1341 (Fla. 4th DCA 1990) (jury question presented when inadequate entrance area on theatre premises resulted in congested conditions on adjacent highway), review denied, 577 So.2d 1328 (Fla. 1991). Because the defendant has presented insufficient evidence in support of its motion for summary judgment, neither this court nor the trial court can decide at this time whether the case-specific standard of care is an issue for resolution by the judge or by the jury. See Dennis v. City of Tampa, 581 So.2d 1345 (Fla. 2d DCA), review denied, 591 So.2d 181 (Fla. 1991). See also Wills (movant must show unequivocally that there was no negligence, or that plaintiff's negligence was sole proximate cause of injury to receive a summary judgment). Accordingly, the summary judgment in favor of the defendant is reversed, and the case remanded for further proceedings consistent with this opinion.
Reversed and remanded.
FRANK, A.C.J., and THREADGILL, J., concur.