622 So.2d 163 (1993)
Patricia Carol GUNLOCK; Budget Florida Holding (1984), Inc., a Florida corporation; Budget Rent-a-Car Company of Florida, Inc., a Florida corporation; Budget Rent-a-Car of Broward, Inc., a Florida corporation; and Budget Rent-a-Car Systems, Inc., a Delaware corporation, Appellants,
v.
GILL HOTELS COMPANY, INC., a Florida corporation, Appellee.
No. 91-2696.
District Court of Appeal of Florida, Fourth District.
August 11, 1993.
Linda R. Spaulding of Conrad, Scherer, James & Jenne, Fort Lauderdale, for appellant-Patricia Carol Gunlock.
William R. Hussey of Hussey & Hussey, Fort Lauderdale, for appellants-Budget.
David L. Perkins of Gallagher & Perkins, Fort Lauderdale, for appellee.
GUNTHER, Judge.
Appellants appeal the dismissal of their [second] amended third-party complaints with prejudice for failure to state a cause of action. We affirm in part and reverse in part.
Appellants, defendants in a wrongful death action, filed separate third-party complaints asserting that appellee breached two separate duties, which caused, at least in part, the resulting injury and damages to the decedent. The complaints allege, inter alia, that the decedent, a guest at appellee's hotel, which has an east and west building separated by highway A1A, entered a bar in appellee's hotel. The pleadings *164 further allege that a hotel bartender observed the decedent was intoxicated and only served him coffee; that the decedent left the hotel's east side bar without drinking the coffee and exited the hotel lobby; that appellee had an internal and customary policy to escort intoxicated or otherwise incapacitated hotel guests across highway A1A to their rooms; and that while attempting to cross the highway towards the hotel's west building where his room was located, the decedent was struck and killed by a vehicle appellant Gunlock was driving.
We agree with appellants' first contention that their allegations are sufficient to state a cause of action based on appellee's duty to provide its guests with reasonably safe passage across the highway. Although a landowner is most commonly liable for injuries that occur on its property, a landowner may be liable for a dangerous condition that results in injury off its premises. Johnson v. Howard Mark Productions, Inc., 608 So.2d 937, 938 (Fla. 2d DCA 1992). Generally, where a landowner creates a foreseeable zone of risk, a landowner has a duty either to lessen the risk or take sufficient precautions to protect invitees from the harm the risk poses. Id.; see Kaisner v. Kolb, 543 So.2d 732, 735 (Fla. 1989). Thus, a landowner may be required to protect invitees on nearby property if a landowner's foreseeable zone of risk extends beyond the boundaries of its property. Johnson, 608 So.2d at 938. In this case, we find that appellee owed a duty to exercise reasonable care for the safety of its invitees in passing over the highway to and from appellee's hotel facilities.
We do not agree with appellants' second contention that their allegations are sufficient to state a cause of action based on breach of a gratuitous assumption of duty. The law does not recognize a cause of action for breach of a gratuitous assumption of duty where performance of the assumed duty has not commenced. See Banfield v. Addington, 104 Fla. 661, 140 So. 893 (1932); Shealor v. Ruud, 221 So.2d 765 (Fla. 4th DCA 1969). Because appellants fail to allege that appellee began acting in accordance with its escort policy, we find that appellants' allegations are insufficient to state a cause of action for breach of a gratuitous assumption of duty. Furthermore, we can find no authority that evidence of an internal policy creates a substantive duty to conform to the standard of conduct contained therein. Therefore, appellants cannot properly demonstrate that the existence of appellee's internal policy created a substantive duty to escort intoxicated guests to their hotel rooms. In addition, appellant Budget failed to state a cause of action for indemnity. Houdaille Industries, Inc. v. Edwards, 374 So.2d 490 (Fla. 1979).
Accordingly, we affirm the trial court's dismissal of appellants' complaints for failure to state a cause of action based on a gratuitous assumption of duty and indemnity, but we reverse the trial court's dismissal of appellants' complaints based on a duty to provide safe passage across the highway. This cause is remanded to the trial court for further proceedings consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART, AND REMANDED.
POLEN, J., concurs in part and dissents in part.
OWEN, WILLIAM C., Jr., Senior Judge, concurs.
NOTE: OWEN, WILLIAM C., Jr., did not participate in oral argument but has reviewed the presentation made at that proceeding.
POLEN, Judge, concurring in part in dissenting in part.
I agree with that part of the majority opinion which reverses the trial court's order of dismissal on appellants' first theory  breach of duty to provide reasonably safe passage. However, I would also reverse on appellants' second theory. I believe the trial court erred in dismissing appellants' third-party complaint insofar as it alleged breach of a gratuitous assumption of duty. See Cain v. Brown, 569 So.2d 771 *165 (Fla. 4th DCA 1990). To that extent, I dissent.