PATTERSON, Judge.
Kim Short appeals from the order which dismisses with prejudice counts III and IV of her complaint for damages arising out of an injury to her daughter, Dawn. We affirm the trial court’s dismissal, but remand to allow Short to amend her complaint.
The appellee, Lakeside Community Church (Lakeside), operates a private school in the City of Clearwater. The school property abuts Sunset Point Road. On September 24, 1993, as Dawn, a student at Lakeside, was crossing Sunset Point Road to the school property, she was struck by a motor vehicle.
Short brought a four-count negligence action against the City and Lake side. Counts I and II assert that the City was negligent in not providing a school cross ing zone as authorized by section 316.1895, Florida Statutes (1993). These counts remain pending in the trial court and are not a subject of this appeal. In counts III and IV, Short attempted to state a cause of action against Lakeside for not maintaining its property in a reasonable and safe manner so as to prevent accidents such as Dawn’s. These counts were dismissed for failing to state a cause of action. Short filed an amended complaint that contained some minor changes, but did not add any ultimate facts directed to the legal conclusion that Lakeside had breached a duty owed to Dawn. This amended complaint was dismissed with prejudice for failing to state a cause of action. In so doing, the trial court stated, “It does not appear that the Plaintiff can state any set of facts to show that the Defendant caused the injury suffered by Dawn Short.”
Although it is not the general rule, there are occasions when a landowner may be liable for a dangerous condition that results in injury off his property. See Johnson v. Howard Mark Prods., Inc., 608 So.2d 937 (Fla. 2d DCA 1992). As we said in Johnson:
[T]he general standard of care which the common law places on all landowners to protect invitees under a wide spectrum of circumstances can authorize a case-specific standard of care requiring protection of invitees on nearby property if the landowner’s foreseeable zone of risk extends beyond the boundaries of its property.
Id. at 938. In seeking to avail oneself of such a case-specific standard, a party must plead sufficient ultimate facts to demonstrate the foreseeable zone of danger, the duty of the landowner, and the breach of that duty. Because Short’s complaint fails as to each of these requirements, we affirm the dismissal for failing to state a cause of action.
In asking for additional leave to amend, Short’s counsel advised the trial court, “We consulted with a ’safety expert in Tallahassee and he will provide the specifics as to what the actual failure was on the part of Lakeside Community Church.” Based on this representation, leave to amend should have been granted. Therefore, we reverse the dismissal with prejudice and remand to the trial court to permit Short leave to file a second amended complaint.
Affirmed in part; reversed in part.
SCHOONOVER, A.C.J., and FULMER, J., concur..