756 So.2d 1073 (2000)
Karen GROSS, Individually and as the Parent and Natural Guardian of Barton Eby, Jr., a Minor, and Barton Eby, Sr., Individually, Appellants,
v.
SAND AND SEA HOMEOWNERS ASSOCIATION, INC., a Florida nonprofit corporation; Lautrec Management Co., a Foreign corporation d/b/a Sand & Sea Village Management, Sand & Sea Mobile Park, and Sand & Sea Village Mobile Home Community, The Management of Sand and Sea Village, and Sand & Sea Partners Limited, a Florida limited partnership, d/b/a Sand & Sea Village, and Sand and Sea Village Mobile Home Community and Sand and Sea Mobile Park, Appellees.
No. 4D99-1078.
District Court of Appeal of Florida, Fourth District.
April 19, 2000.
*1074 Michael M. Milchman of the Law Office of Michael M. Milchman, Fort Lauderdale, for appellants.
Carl A. Cascio of Carl A. Cascio, P.A., Boynton Beach, for Appellee Sand & Sea Homeowners Association, Inc.
STEVENSON, J.
This is an appeal from a final order of the trial court dismissing a personal injury complaint against a mobile home park homeowner's association based on the court's finding that, as a matter of law, the association did not owe a legal duty of care to the plaintiffs. We reverse because we find that the dismissal was error in light of the allegations contained within the fourcorners of the complaint.
Sand and Sea Village is a mobile home park in Boynton Beach consisting of a north and a south section which are divided by Northwest 22nd Avenue. The complaint at issue alleged that the Sand and Sea Homeowners Association promulgated a rule which restricted children from using the recreational facility in the north section of the mobile home park and that, as a result, children living in the north section were forced to cross a busy public street in order to use the recreational facility in the south section. Returning home from the south-section recreational facility one evening, fourteen-year-old Barton Eby, Jr., a resident of the community, was struck by a car while crossing Northwest 22nd Avenue.[1] According to the complaint, the association is responsible for the maintenance, operation, and control of the entire complex and has the authority to propose rules and regulations for the use of the premises by the residents. Among other things, appellants alleged that the association *1075 was negligent in making a rule which restricts children from using the recreational facilities in the north section, thereby exposing them to the foreseeable danger of having to cross a busy, dangerous, and inadequately lighted thoroughfare, and that the association failed to ensure that the area where the accident occurred was adequately lighted so that ingress and egress between the north and south sections would not pose an unreasonable danger.
"[D]uty is a question of law." McCain v. Florida Power Corp., 593 So.2d 500, 502 (Fla.1992). "Legal duty" is a standard of conduct which may be derived from several sources including: (1) legislative enactment and administrative regulation; (2) judicial precedent; and, (3) the specific facts of a given case. See National Title Ins. Co. v. Lakeshore 1 Condominium Ass'n, 691 So.2d 1104, 1106 (Fla. 3d DCA 1997). The general facts of a case may indicate a legal duty where a defendant's conduct creates a foreseeable zone of risk. See McCain, 593 So.2d at 502-03. In such cases, the defendant is obligated to act with reasonable care. The law generally will recognize a duty upon the defendant to either lessen the risk or see that sufficient precautions are taken to protect others from the harm that the risk imposes. See id.
Appellants allege that Sand and Sea either had, was given, or assumed authority to promulgate rules and regulations for the park and to maintain the premises, but that it did so negligently. The association contends that it has no authority to promulgate rules and that it does not maintain the facilities. Because the final judgment was based on a motion to dismiss, we must accept the facts alleged in the complaint as true, that Sand and Sea could promulgate rules and did maintain the recreational facilities. We conclude that the facts alleged in the complaint establish that the association had a legal duty of ordinary care to Barton, a resident, to maintain the premises in a safe condition and to use ordinary care in adopting rules regulating the use of the property. At some stage of this case, the facts may show that Sand and Sea did not have any role in maintaining the complex or establishing rules for the use of the property. At that point, summary judgment may be appropriate; at this stage, however, dismissal is premature.
REVERSED and REMANDED.
FARMER and KLEIN, JJ., concur.
NOTES
[1] Appellants settled with the driver of the automobile for the policy limits.