PALMER, J.
In this wrongful death action, Debbie Carter appeals the final summary judgment entered by the trial court in favor of Capri Ventures, Inc. (“hotel”). Concluding that the trial court correctly determined that the hotel had not created a foreseeable zone of risk, we affirm.
Debbie Carter, individually and in her capacity as the personal representative of the estate of her deceased minor son, Kyle, instituted this wrongful death lawsuit against Capri Ventures. The complaint explained that Carter and her son were guests registered at one of three hotels owned by Capri Ventures and located in Daytona Beach. Two of the hotels are located on the east side of A1A and the third is located on the west side of the road. At the time of the accident, Carter and her son were staying at the hotel located on the west side of A1A. The child was killed after he was struck by a car while walking east across A1A, apparently to utilize the pool in one of the hotel’s affiliated properties and also to visit the beach.
The complaint alleged that the hotel knew or should have known that its guests regularly crossed A1A and that, by failing to warn hotel guests of the dangers associated with the road or to create a safe means of access to and from its facilities to and from the beach side of A1A, the hotel breached its duty of care to its guests.
The hotel filed a motion for summary judgment alleging, among other things, that no legal duty existed between the hotel and the child relating to the cause of his death. The court agreed and entered summary judgment in favor of the hotel, stating:
There is absolutely no indication in the record that any conduct of the defendants “created” any risk or zone of risk in this case. Whether motel guests were permitted to use the amenities of all three motels or not, the risk at issue is a public roadway namely, State Road A1A. This risk or zone of risk was certainly not created by any of the defendants. No landowner creates the common risk associated with the public roadways that lead to a landowner’s property simply by owning land that is adjacent to a public roadway or by inviting people to come onto his property where public roadways are used as public access. This court holds that Florida law does not support expanding the duty of a landowner to include responsibility for the safe travel of its guests while its guests travel over public roadways.
*944 Carter challenges this ruling first arguing that reversal is required because the trial court’s written final summary judgment order fails to accurately reflect the court’s oral ruling. We disagree. Review of the record demonstrates that the written summary judgment order is consistent with the oral ruling issued by the trial court at the conclusion of the summary judgment hearing.
Carter next contends that the trial court erred as a matter of law in concluding that no legal duty existed in this case. She argues that the hotel created a foreseeable zone of risk by inviting its guests to enjoy the amenities at each of its three affiliated hotels which were located on both sides of AIA. We again disagree.
The parties agreed that the relevant facts were undisputed and, therefore, the issue for the trial court was whether, based on the undisputed facts, Florida law supported the hotel’s claim that it owed no duty of care to Carter’s son.
The Florida Supreme Court has held that in order for a plaintiff to bring a common law action for negligence in Florida, the minimal threshold legal requirement for opening the courthouse doors is a finding that the defendant’s alleged actions created a foreseeable zone of risk of harming others. Kitchen v. K-Mart Corp., 697 So.2d 1200, 1202 (Fla.1997)(citing to McCain v. Florida Power Corp., 593 So.2d 500, 502 (Fla.1992)). In entering summary judgment in the hotel’s favor, the trial court concluded that no such zone had been created by the hotel vis a vis the roadway which separated its hotel properties and upon which the fatal accident occurred. We affirm that ruling because a property owner is generally liable only for injuries which occur on its premises, and the limited exceptions to that general rule which have been recognized by our courts and cited by Carter are factually distinguishable from, and thus not legally controlling over the instant case.[1]
For example, in Gross v. Sand and Sea Homeowners Ass’n, Inc., 756 So.2d 1073 (Fla. 4th DCA 2000), the Fourth District reversed a final order dismissing a personal injury suit against a mobile home park homeowners’ association. The dismissal was based upon the trial court’s conclusion that, as a matter of law, the association did not owe a legal duty of care to the plaintiff who was a resident of the park. In reversing, the Fourth District concluded that dismissal of the complaint was premature because the complaint had alleged that the homeowners’ association possessed a duty of care to the residents of the park to maintain the premises in a safe condition and to use ordinary care in adopting rules regulating the use of the property, and that this allegation of a legal duty was sufficient to proceed past the motion to dismiss stage. However, the court did not address the propriety of entering a summary judgment on the issue.
Similarly, in Gunlock v. Gill Hotels Co., 622 So.2d 163 (Fla. 4th DCA 1993), a wrongful death case, the Fourth District again reviewed a dismissal order, not a summary judgment order. The complaint in that case explained that the decedent was a guest at the defendant hotel, and that the hotel had an east and west wing separated by highway AIA. The pleadings further alleged that the decedent entered the hotel bar but the hotel bartender only offered to serve him coffee because he was intoxicated. The decedent left the bar without drinking the coffee and exited the hotel lobby. Although the hotel had a customary policy to escort intoxicated ho *945 tel guests across highway A1A, the policy was not observed in this case and, while attempting to cross the highway, the decedent was struck by a vehicle and killed. Based on these allegations, the trial court dismissed the complaint. However, upon review, the Fourth District reversed, concluding that the allegations were sufficient to state a cause of action. The ruling in Gunlock is distinguishable from the case at hand because, in addition to the fact that Gunlock was a motion to dismiss case and not a summary judgment case, no evidence is contained in the instant record that the hotel had any customary policy which could have created any legal obligation vis a vis its hotel guests in relation to crossing A1A. As the Supreme Court noted in Union Park Memorial Chapel v. Hutt, 670 So.2d 64 (Fla.1996): “[0]ne who undertakes to act, even when under no obligation to do so, thereby becomes obligated to act with reasonable care.” Id. at 66-67. No such duty was assumed, and therefore subject to breach, in this case.
Lastly, Carter argues that this case is controlled by the case of Johnson v. Howard Mark Productions, Inc., 608 So.2d 937 (Fla. 2d DCA 1992), in which the Second District reversed a summary judgment entered in favor of a night club owner in a lawsuit seeking damages for injuries sustained by its invitee. The summary judgment was based upon the trial court’s conclusion that the night club owed no duty of care to the invitee. In that ease, the complaint alleged that the invitee was struck and killed while crossing a highway to patronize the night club. The complaint maintained that the accident was caused, at least in part, by the fact that the night club had woefully insufficient parking and thus patrons like the decedent were required to park on the opposite side of the highway and walk across the highway in the dark in order to gain access to the club. The complaint asserted that the inadequate parking was a dangerous condition of which the night club knew or should have known. In reversing the summary judgment order, the Second District emphasized the fact that the record was devoid of any evidence describing the accident or the condition of the premises and thus the court was constrained to take the facts as alleged in the complaint as being true. As such, the court determined that a duty of care had been established based on the facts that the club’s inadequate parking required the club’s patrons to cross the highway and that the club was on notice of same. Here, no allegation was pled in Carter’s complaint, nor was any evidence presented by Carter, that the hotel created and was on notice of any dangerous condition relating to its guests crossing A1A.
AFFIRMED.
THOMPSON, C.J. and PETERSON, J., concur.

. Having found that the cases cited by Carter are distinguishable, we need not reach the issue of whether the decisions reached by the other district courts of appeal should be adopted as the law of this district.