[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-10288

_____

D.C. Docket No. 02-21396-CV-PCH

**FILED**

**U.S. COURT OF APPEALS
ELEVENTH CIRCUIT**
**September 27, 2005**
**THOMAS  K. KAHN
CLERK**

JANICE P. LIENHART,

Plaintiff-Appellant,

versus

CARIBBEAN HOSPITALITY SERVICES,
INC., ARUBA GRAND BEACH RESORT
& CASINO, a.k.a. Aruba Palm Beach Resort
& Casino, UNIQUE SPORTS OF ARUBA,
INC., a.k.a. Unique Watersports of Aruba,
Inc., JACK OTTINGER AND ASSOCIATES,
INC.,

Defendants-Appellees.

_____

Appeal from the United States District Court for the
Southern District of Florida

_____

**(September 27, 2005)**

Before BIRCH, KRAVITCH and JOHN R. GIBSON[*], Circuit Judges.

JOHN R. GIBSON, Circuit Judge:

Janice Lienhart appeals from the summary judgment order entered by the district court in favor of Caribbean Hospitality Services, Inc. in her claim for injuries she sustained when she was struck by a vehicle while reclining on a beach chair on the public beach next to the Aruba Grand Beach Resort and Casino. The district court concluded that Caribbean, which operated the resort, owed no duty of care to Lienhart as a matter of law. Our reading of Florida law leads us to conclude that such a duty exists, and we reverse.

Lienhart was vacationing at the Aruba Grand at the time of her injury. The resort is located next to the public beach, and it provides lounge chairs and tiki huts on the beach exclusively for the use of its guests. Lienhart and a friend were spending the day relaxing, and had been led to chairs by an Aruba Grand employee who placed the chairs under a tiki hut for their use. The chairs were located in the row closest to the ocean. Lienhart was asleep in a lounge chair when, at about 5:00 or 5:30 p.m., she was struck by a pickup truck and boat trailer operated by an employee of Unique Sports of Aruba. The boat and trailer were backing up along the beach.

---

*Honorable John R. Gibson, United States Circuit Judge for the Eighth Circuit, sitting by designation.

Unique Sports of Aruba, a tenant of the resort, offers snorkeling and scuba diving trips that depart from the Aruba Grand's dock. In order to get its boats to and from the water, Unique Sports loads them on trailers that are pulled by pick-up trucks and driven back and forth from the dock to its storage facility at the Aruba Grand. The trucks and trailers travel along the beach, but no barricades or other devices separate the tiki huts from the rest of the beach where there is traffic. At the time, Unique Sports did nothing to notify beach goers of its vehicles' presence, route, or schedule as they moved along the beach.

Lienhart filed this personal injury action in the United States District Court for the Southern District of Florida, invoking the court's diversity jurisdiction. She named as defendants Aruba Grand and Unique Sports, both Aruba corporations, but she never served them with process. She also named appellee Caribbean Hospitality Services, Inc. and another corporate defendant that was later dismissed, both of which are Florida corporations. Of the four defendants named in the Amended Complaint, only Caribbean remained by the time dispositive motions were filed in the district court.

Caribbean's involvement in this suit emanates from a contract it has with the Aruba Grand which calls for Caribbean to "put into service, manage, and operate" the hotel and casino operations of the resort. Caribbean denies it managed the resort

3

because it was precluded from doing so by Aruban law. However, when Caribbean moved for summary judgment on the issue of managerial control, the district court concluded that a factual issue existed and denied summary judgment on that ground. The district court therefore treated Caribbean as if it could be found to be the manager and operator of the Aruba Grand and the extent of its liability is equivalent to that of the Aruba Grand. Caribbean also moved for summary judgment on the ground that Lienhart's injury occurred off the premises of the resort on a public beach as a result of a third party's negligence and that the Aruba Grand owed no duty to its guest in those circumstances. Lienhart abandoned any theory that Unique Sports was the agent or apparent agent of the Aruba Grand, but argued that Caribbean owed a duty of reasonable care arising from its creation of a zone of danger and a duty to warn her of the risk of injury from the known danger caused by the Unique Sports vehicles.

The district court entered summary judgment in favor of Caribbean on the latter ground. The court agreed that the Aruba Grand may have taken control over that part of the beach where it placed chairs for its guests to an extent sufficient to impose a duty on it. However, the district court stated that such duty would be limited to warning of conditions or conduct of which it was aware or over which it had control that created a foreseeable risk of injury. The court concluded that the Aruba Grand did not create a zone of danger through its placement of the tiki huts and chairs.

4

Rather, any danger was created by Unique Sports moving its vehicles and the Aruba Grand could not be held responsible for that negligence. The district court further concluded that there was no evidence sufficient to support a jury finding that the Aruba Grand knew or should have known that the vehicular movement created an unreasonably dangerous condition. The district court held that even if the Aruba Grand had such knowledge, its knowledge would not have been superior to Lienhart's and thus would not have created a duty to warn.

Lienhart appeals the district court's order granting summary judgment.

## I.

We first consider whether the Aruba Grand created a foreseeable zone of danger by directing its guests to lounge chairs on the beach where they would be exposed to vehicular traffic from the Aruba Grand's tenant. Because we are treating Caribbean's liability as coterminous with that of the Aruba Grand for purposes of this appeal, an affirmative answer would mean that Caribbean would owe a duty of care to those guests. This issue is one of law, McCain v. Florida Power Corp., 593 So. 2d 500, 502 (Fl. 1992), and the parties agree that Florida law governs. We review the district court's summary judgment order de novo, viewing the record and all inferences in the light most favorable to Lienhart, the nonmoving party. Nova Info. Sys., Inc. v. Greenwich Ins. Co., 365 F.3d 996, 1002 (11th Cir. 2004).

McCain, a 1992 Florida Supreme Court opinion, is the seminal case concerning the creation of a foreseeable zone of risk. In discussing the legal duty that arises from a defendant's acts, the court described Florida law as recognizing "that a legal duty will arise whenever a human endeavor creates a generalized and foreseeable risk of harming others," 593 So. 2d at 503 & n.2, and the duty is either to lessen the risk or see that sufficient precautions are taken to protect others from the harm the risk poses. Id. at 503. Under Florida law, a landowner owes clear-cut duties to an invitee. The landowner has the duty to use reasonable care in maintaining its premises in a reasonably safe condition, and the duty to give the invitee warning of concealed perils which are or should be known to the landowner and which are unknown and undiscoverable by the invitee through the exercise of due care. City of Milton v. Broxson, 514 So. 2d 1116, 1118 (Fla. Dist. Ct. App. 1987).

Lienhart's theory as to the zone of risk created by Caribbean asserts that the Aruba Grand knew or should have known that its tenant Unique Sports drove vehicles pulling water sports equipment across the beach where the resort's guests were placed by its employees, and that the Aruba Grand designated no path for those vehicles and erected no barriers or warning signs for its guests. The hazard Lienhart identifies is the activity, not the possibility that the activity would be conducted in a negligent manner.

6

The district court erred in its analysis of whether the Aruba Grand created a zone of danger. The error is illustrated by the following passage in the court's summary judgment order:

> If the Aruba Grand were liable in this situation for failure to warn, then every sidewalk dining area on Ocean Drive in Miami Beach could become liable for not warning of the obvious danger that a car could negligently career off of the street and hit diners as they were eating their meals. It could also make every beachfront hotel liable for failing to warn of any number of known acts that could possibly lead to negligent injuries, such as the possibility that a group playing football on the beach might end up injuring an adjacent sunbather.

This case is distinguishable from those hypothetical examples. Here, the injury was caused by a risk to guests that the Aruba Grand created and failed to warn of or guard against.

Caribbean denies that such risk was created by pointing to cases where hotels were held not to be responsible for hazards resulting from naturally occurring conditions on public beaches and in water not controlled by the hotels. E.g., Poleyeff v. Seville Beach Hotel Corp., 782 So. 2d 422 (Fla. Dist. Ct. App. 2001) (en banc) (hotel had no duty to warn guests of dangers of riptide); Sperka v. Little Sabine Bay, Inc., 642 So. 2d 654 (Fla. Dist. Ct. App. 1994) (hotel had no duty to warn guest of sandbar in ocean); Adika v. Beekman Towers, Inc., 633 So. 2d 1170 (hotel had no duty to have lifeguard on public beach or to warn guests of hazardous surf conditions). These beach cases are distinguishable, however, precisely because the

7

damage was inflicted by conditions occurring in the ocean over which the defendants had no control. Here, the Aruba Grand controlled the part of the beach where Lienhart and other guests were seated. Although Lienhart does not contend that Unique Sports was the agent of the Aruba Grand, that does not absolve the Aruba Grand from the consequences of its tenant's conduct of driving vehicles to and from the resort's dock to transport equipment used by the resort's guests.

Caribbean also relies on Carter v. Capri Ventures, Inc., 845 So. 2d 942 (Fla. Dist. Ct. App. 2003), which affirmed a summary judgment order in favor of a hotel on a claim arising out of the death of one of its guests who was killed while crossing a highway to get from his hotel to the beach and pool in one of the hotel's affiliated properties. The Carter case is not instructive, though, because the hotel did not control the highway. Moreover, even though the hotel knew the highway would be dangerous for pedestrian traffic, the hotel did not place its guests on the highway.

To determine the legal question of whether the Aruba Grand created a risk of foreseeable harm, we must analyze the factual record before the district court and consider the facts in the light most favorable to Lienhart. Nova Info. Sys., Inc. v. Greenwich Ins. Co., 365 F.3d 996, 1002 (11th Cir. 2004). The Aruba Grand, an oceanside resort, advertises its proximity to the water as an enticement to potential guests. Its promotional materials include photos and descriptions of lounge chairs

8

and tiki huts on its "personal" and "private" beach, along with an invitation to enjoy water sports activities conveniently provided on the premises by Unique Sports. The Aruba Grand derives direct rental income from Unique Sports and presumably attracts more guests to its hotel because it has water sports available right on the premises. The activities are available at the resort's own dock.

Unique Sports drives its trucks pulling trailers across a public beach from its facility located adjacent to the hotel. It does so without any demarcation or separation of a driving path and without any warning signs on the beach or back-up devices on the trucks. When Lienhart was struck by the trailer as it was being backed up along the beach, she was asleep on one of the hotel's lounge chairs, where it had been placed by a hotel employee. She had no warning that the vehicles were approaching. Lienhart testified that, although she was generally aware of the movement of the vehicles, she was not aware that they would be driven into that part of the beach where the Aruba Grand placed chairs for its guests' use.

The existence of a commercial relationship between the Aruba Grand and Lienhart is also relevant to the question of duty. See Aguila, 878 So. 2d at 397 ("The main difference between this case [where no duty exists] and many others in which the courts have found a duty is that there is no relationship between the defendant and the plaintiff."). Similarly, in a motion for summary judgment limited to the question

9

of duty, Caribbean cannot avoid the consequences of the relationship between the Aruba Grand and Unique Sports.

We conclude that the Aruba Grand created a foreseeable, general zone of risk by placing its tiki huts and guest chairs on the beach close to where Unique Sports drove its trucks and trailers. The hotel thus owed Lienhart a duty of reasonable care which it breached by exercising control over this area of the beach but failing to use any measures to separate vehicular traffic from it. The district court erred in holding that the Aruba Grand did not create a zone of danger.


II.

The district court concluded that the Aruba Grand did not create a dangerous condition, but even if it had, the hotel would have no duty to warn Lienhart because she was generally aware that Unique Sports moved its equipment to and from the water over the beach. The issue of Lienhart's knowledge of the danger is relevant because there will be no duty to warn unless the Aruba Grand has superior knowledge of the danger. City of Milton v. Broxson, 514 So. 2d 1116, 1118 (Fla. Dist. Ct. App. 1987).

The record does not support the district court's holding. As noted above, Lienhart admitted only to general knowledge that the vehicles periodically moved to

10

and from the beach. She was not aware that they would be driven into that part of the beach where the Aruba Grand placed chairs for its guests' use. The Aruba Grand, however, rented space to Unique Sports in a building adjacent to the resort, advertised its beach and water sports activities right on the premises, and derived income from its guests' use of those activities. Viewing the facts in the light most favorable to Lienhart, we cannot conclude that her knowledge of the risk was equal or superior to that of the Aruba Grand. The hotel thus owed Lienhart a duty to warn, and the district court erred in concluding otherwise.

Our holding is that the district court erred as a matter of law by granting summary judgment to Caribbean on the issue of duty. Our holding does not impose liability as to the Aruba Grand or Caribbean. On remand, the district court will conduct further proceedings to determine if Caribbean was negligent as a managing agent or if it assumed contractual liability for the Aruba Grand, along with all other remaining issues.

REVERSED AND REMANDED.

11