921 So.2d 703 (2006)
Rosemary ALMARANTE, Appellant,
v.
The ART INSTITUTE OF FORT LAUDERDALE, INC., Appellee.
No. 4D05-1710.
District Court of Appeal of Florida, Fourth District.
February 8, 2006.
*704 Howard Kraft Pita, of Pita & Del Prado, Miami, for appellant.
Richard A. Sherman, Sr. of the Law Offices of Richard A. Sherman, P.A., and Marla A. Mudano of the Law Office of Robert F. Tacher, Fort Lauderdale, for appellee.
FARMER, J.
The trial court dismissed a complaint with prejudice for failure to state a cause of action. We reverse.
The complaint in question alleges the following. Defendant operates a private school in Fort Lauderdale. It constructed its school dormitory buildings on each side of South Federal Highway. The east and west dormitory buildings are essentially one complex, as they share facilities. The students' cafeteria, mail center, and bus stop are located only in the west dormitory building. There is no pedestrian signal, cross-walk, bridge or other safety device on Federal Highway in the general vicinity of the two buildings to facilitate a safe transit of the highway. Two previous accidents involving pedestrian crossings recently occurred there. School officials contacted the Florida Department of Transportation (DOT) seeking the installation of appropriate safety devices for the protection of students. DOT responded that it was the school's responsibility first to do a traffic study, and that it would then install a traffic signal at the school's expense. DOT did, nonetheless, issue a work order to post pedestrian warning signs in the area.
Plaintiff is a student who resides in the east building. She is compelled to make frequent crossings of the busy highway to carry on routine functions as a student. On the day in question, she sustained substantial injuries from multiple fractures and head trauma upon being struck by a speeding motorcycle as she was returning to her residence from the western dormitory.
Defendant filed a motion to dismiss the complaint for failure to state a cause of action. See Fla. R. Civ. P. 1.140(b)(6) (defense of failure to state a cause of action may be made by motion). It argued that there was "no legal duty ... under Florida Law to provide reasonably safe passage across a public highway not owned, maintained, or controlled [by the defendant]." Following a hearing, the trial court agreed and dismissed the action with prejudice.
In reviewing a motion to dismiss, the court must accept the allegations in the complaint as true and consider them in the light most favorable to the plaintiff. Shumrak v. Broken Sound Club Inc., 898 So.2d 1018, 1020 (Fla. 4th DCA 2005); *705 Royal & Sunalliance v. Lauderdale Marine Ctr., 877 So.2d 843, 845 (Fla. 4th DCA 2004); Seminole Tribe of Florida v. Times Pub. Co., Inc., 780 So.2d 310, 311 (Fla. 4th DCA 2001). Motions under rule 1.140(b)(6) should be granted only when the party seeking dismissal has conclusively demonstrated that plaintiff could prove no set of facts whatsoever in support of the cause of action. See Ingalsbe v. Stewart Agency, Inc., 869 So.2d 30, 35 (Fla. 4th DCA 2004); Morris v. Fla. P. & L. Co., 753 So.2d 153, 154 (Fla. 4th DCA 2000); Orlovsky v. Solid Surf, Inc., 405 So.2d 1363, 1364 (Fla. 4th DCA 1981); Martin v. Highway Equipment Supply Co., 172 So.2d 246, 248 (Fla. 2d DCA 1965). We conclude that the school's argument fails to meet the requirements of the rule.
`The duty element of a negligence action focuses on whether the defendant's conduct foreseeably created a broader "zone of risk" that poses a general threat of harm to others.' Goldberg v. Fla. Power and Light Co., 899 So.2d 1105, 1110 (Fla.2005) (quoting McCain v. Fla. Power Corp., 593 So.2d 500, 502 (Fla.1992)). A landowner's conduct can give rise to a zone of risk extending beyond the physical boundaries of his property when harm reaching outside those boundaries is foreseeable. Gunlock v. Gill Hotels Co., Inc., 622 So.2d 163, 164 (Fla. 4th DCA 1993) (citing Johnson v. Howard, 608 So.2d 937, 938 (Fla. 2d DCA 1992)).
In Gunlock we reversed a dismissal for failure to state a cause of action under remarkably similar factual circumstances. There, a hotel placed its buildings on both sides of highway A1A. Decedent was struck and killed as he crossed from the hotel bar on the east side to his room located on the west side of the highway. We concluded that the hotel "owed a duty to exercise reasonable care for the safety of its invitees in passing over the highway to and from appellee's hotel facilities." 622 So.2d at 164. In so holding we did not base our decision, as the school argues, on a general duty of taverns to patrons who consume alcohol and depart as pedestrians. We are unable to find the allegations in this student's complaint distinguishable.
The school's decision to place its dormitory buildings on either side of a busy urban highway, requiring its students on one side to cross the highway on a daily basis for meals and other necessities of student life foreseeably created a greater zone of danger for its students from injuries while crossing. We think plaintiff alleged enough to be allowed to offer evidence on her claim.
Reversed.
STEVENSON, C.J., and MARX, KRISTA, Associate Judge, concur.