KLEIN, J.
Ordziejeski entered into a contract to sell Freudenberg a piece of real estate. When Ordziejeski, the seller, refused to close, Freudenberg, the buyer, sued for specific performance. The seller then filed a counterclaim against the buyer for fraud and also filed a third party complaint against the realtors Sicolo and Village Point, alleging fraud. The trial court dismissed the seller’s counterclaim against the buyer for failure to state a cause of action, and seller appeals. Because the complaint for specific performance is still pending in the trial court, the portion of the order dismissing the counterclaim is not a final appealable order. S.L.T. Warehouse v. Webb, 304 So.2d 97 (Fla.1974). We accordingly dismiss the appeal of the portion of the order dismissing the counterclaim, without prejudice to appeal from *601 the final judgment after disposal of the specific performance case.
The trial court also dismissed the third party complaint against the realtors for failing to state a cause of action for fraud. The realtor, Sicolo, had previously secured a tenant for the seller’s rental home. After the seller asked Sicolo to obtain a renewal of the lease, Sicolo and her associate realtor, Freudenberg, the buyer, advised seller that the seller should sell the property to Freudenberg for $150,000, which would be a good price for the seller to accept. Relying on their opinion, seller counter-offered to sell for $175,000, which Freudenberg accepted.
Seller then had an independent appraisal performed and discovered that the property was worth over $300,000, and this was the basis of the seller’s fraud claims. The trial court concluded that, because the seller made a counter-offer of $175,000, as a matter of law the seller had not relied on the representations of the realtors that the property was worth only $150,000. In doing so, however, the trial court failed to accept the allegations in the complaint as true. Almarante v. Art Inst. of Fort Lauderdale, Inc., 921 So.2d 703 (Fla. 4th DCA 2006). The order dismissing the complaint for failure to state a cause of action against Sicolo and Village Point Realty is accordingly reversed.
We affirm the order dismissing the third party complaint against Patricia Freudenberg, the wife of the buyer, because she was not a party to the transaction.

Affirmed in part and reversed in part.

POLEN and MAY, JJ., concur.