GERBER, J.
 

 The plaintiffs third amended complaint alleged that the defendant committed fraudulent and negligent misrepresentation. Specifically, the plaintiff alleged that, after the defendant dismissed him from its school of osteopathic medicine, the defendant misrepresented to a national examining board as to whether he was “approved” or “not approved” to sit for a certification exam. The defendant moved for summary judgment on the basis that it had not made any misrepresentation. At the hearing on the motion, the circuit court orally granted the motion. The court then entered a written final judgment containing detailed findings of fact and conclusions of law supporting the oral ruling.
 

 The plaintiff raises two arguments on appeal. First, the plaintiff argues that genuine issues of material fact remain regarding whether the defendant’s decisions as to his approval status were arbitrary and capricious and thereby constituted an actionable misrepresentation. Second, the plaintiff argues that the circuit court’s written final judgment was inconsistent with its oral ruling.
 

 We affirm on both arguments. First, the defendant’s affidavits established without genuine issue of material fact that, regardless of the reasoning behind its decisions as to the plaintiffs approval status, its representations of those decisions to the examining board were true. Thus, the defendant was entitled to summary judgment on both of the plaintiffs claims.
 
 See Butler v. Yusem,
 
 44 So.3d 102, 105 (Fla.2010) (first element of a fraudulent misrepresentation claim is “a false statement concerning a material fact”) (citation omitted);
 
 Fla. Women’s Med. Clinic, Inc. v. Sultan,
 
 
 *666
 
 656 So.2d 931, 933 (Fla. 4th DCA 1995) (first element of a negligent misrepresentation claim is “a misrepresentation of material fact”) (citation omitted).
 

 Second, the circuit court’s written final judgment was not inconsistent with its oral ruling. The written final judgment merely provided more detailed findings of fact and conclusions of law supporting the oral ruling.
 
 See Carter v. Capri Ventures, Inc.,
 
 845 So.2d 942, 944 (Fla. 5th DCA 2003) (“Review of the record demonstrates that the written summary judgment order is consistent with the oral ruling issued by the trial court at the conclusion of the summary judgment hearing.”).
 

 Affirmed.
 

 WARNER and STEVENSON, JJ., concur.